STATE on the relation of S. C. WILSON v. CLARA M. FEATHERSTONE, et al.

*Dower, Re allotment of—Discretion of Trial Judge.*

The trial judge, in the exercise of a sound discretion, is the judge of how often, for just cause, the court will order a re-allotment of dower, and such discretion is not reviewable where it appears that the court below, after full argument from both sides, on all the papers, including conflicting affidavits as to value, confirmed the order of the clerk directing a re-allotment.

PETITION for dower, heard on appeal from an order of the Clerk of BUNCOMBE Superior Court, directing a re-allotment, before *Timberlake, J., at Chambers*, in Asheville.

WILSON *v.* FEATHERSTONE.

His Honor, after hearing full argument and considering conflicting affidavits as to value, &c., affirmed the order of the clerk, and defendants appealed.

*Messrs. J. H. Merrimon* and *C. M. Stedman,* for plaintiffs.

*Mr. W. W. Jones,* for defendants (appellants).

MONTGOMERY, J.: In this case the clerk ordered a re-allotment of the dower, assigning as his reason therefor that the petitioner did not receive notice of the day and time when the jury would meet to allot it, and that Section 2114 of *The Code* required that such notice should have been given her.

It is not necessary for us to decide this question in this case, for it appears from the order of the judge, made *in Chambers,* on the appeal of the defendants, that he heard the case on argument by brief of counsel on both sides on the whole papers in the case, including conflicting affidavits concerning values, and in his discretion adjudged that the clerk's order be affirmed. The judge had the discretion to set aside the allotment and to order another. In *Wellfare* v. *Wellfare,* 108 N. C., 273, this Court decided that "the court below, in the exercise of a sound discretion, must be the judge of how often, for just cause, it will direct a re-allotment." There is no error and the judgement of the judge is affirmed.

Affirmed.